IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY KROWCHAK, | ) | |
| | ) | Civil Action No. 2:20-cv-140 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTINGHOUSE ELECTRIC | ) | |
| COMPANY, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, TRACY KROWCHAK, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in her employment based on age, as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about August 30, 2019 and said

        charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b.    The EEOC issued a Notice of Right to Sue dated January 21, 2020; and,

c.    Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5.    Plaintiff, Tracy Krowchak, is a 59-year-old female who resides in Westmoreland County, Pennsylvania.

6.    Defendant, Westinghouse Electric Company, LLC, is now, and was at all times relevant to Plaintiff's claims, a Pennsylvania limited liability corporation with local offices located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

7.    At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8.    The actions of the Defendant, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described below were committed by the Defendant with reckless disregard and/or deliberate indifference to the rights of the Plaintiff. As a direct and proximate result thereof, Defendant violated the Plaintiff's federally protected rights, as described herein.

## FACTUAL ALLEGATIONS

9.    Plaintiff was employed by the Defendant from on or about May 1, 1979 until her unlawful termination on or about July 22, 2019. At the time of her termination, Plaintiff held the position of Senior Processing Analyst.

10. Plaintiff has never been disciplined by the Defendant for her job performance or placed on a Performance Improvement Plan during her forty (40) years of employment with the Defendant.

11. Shortly before her termination, Plaintiff was awarded a pay increase.

12. At the time of her termination, Defendant informed the Plaintiff that her termination was the direct result of an alleged reduction in force.

13. Defendant's stated reason for Plaintiff's termination is pretextual and unworthy of belief.

14. Plaintiff was the only employee to be terminated as a result of the alleged reduction in force, as described hereinbefore above in Paragraph 12.

15. Furthermore, shortly before the time of Plaintiff's termination, a significantly younger, less experienced and less qualified employee was trained to perform the Plaintiff's job duties.

16. This younger, less experienced and less qualified employee, described hereinbefore above, was not terminated in the alleged reduction in force and was therefore treated more favorably than the Plaintiff.

17. Plaintiff believes, and therefore avers, that she was replaced in her position by this younger, less experienced and less qualified employee, described hereinbefore above.

18. In addition to being replaced by a significantly younger individual, Defendant's younger employees were treated more favorably than the Plaintiff and were not subjected to the alleged reduction in force.

19. Plaintiff believes, and therefore avers, that she was terminated based on her age at the time of her termination, 58.

20. Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination based on age.

COUNT I:

ADEA – AGE DISCRIMINATION

21.     Plaintiff incorporates by reference Paragraphs 1 through 20 as though fully set forth at length herein.

22.     As described hereinbefore above, Plaintiff was subjected to discrimination in the nature of an illegal termination and treated less favorably than younger and less experienced employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

23.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

24.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

25.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

      a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

      b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

    d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

    e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

<u>PHRA</u>

26.    Plaintiff incorporates by reference Paragraphs 1 through 25 as though fully set forth at length herein.

27.    Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

28.    As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The

Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among her peers and stress.

29.     The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

    WHEREFORE, Plaintiff requests the following:

- a. that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

- b. that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the PHRA;

- c. that the Court award the Plaintiff compensatory damages as a result of Defendant's actions being unlawful and violative of the PHRA;

- d. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

- e. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

- f. that the Court grant the Plaintiff such additional relief as may be just and proper.

    JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated:  January 29, 2020